UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

TAMMY FLEMING,

      Plaintiff,

v.

CASE NO.:

V & M FOOD ENTERPRISES, LLC d/b/a
GOLDEN CORRAL, a Florida Limited
Liability Company and ANTHONY
VERDERAME, individually,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TAMMY FLEMING ("Plaintiff" or "Fleming"), by and through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, V & M FOOD ENTERPRISES, LLC, d/b/a Golden Corral ("Golden Corral"), and ANTHONY VERDERAME ("Verderame") (Golden Corral and Verderame collectively referred to as "Defendants"), and states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all,

and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Palm Beach County, Florida, located within the Southern District of Florida.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida.

5. At all times material hereto, Golden Corral was, and continues to be a Florida Limited Liability Company, with its principle place of business located in Delray Beach, Florida.

6. At all times material hereto, Verderame was engaged in business in the State of Florida.

7. At all times material hereto, Verderame was, and continues to be, an individual resident of the State of Florida.

8. At all times material hereto, Defendant Golden Corral owned and operated a restaurant located at 10100 Fox Trail Road, West Palm Beach, Florida 33411.

9. At all times material hereto, Verderame owned and operated Golden Corral.

10. At all times relevant to this action, Verderame managed Golden Corral on a day to day basis.

11. At all times material hereto, Verderame regularly exercised the authority to hire and fire employees of Golden Corral.

12. At all times material hereto, Verderame determined the work schedules for the employees of Golden Corral.

13. At all times material hereto, Verderame controlled the finances and operations of Golden Corral.

## COVERAGE

14. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15. At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of FLSA.

16. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of FLSA.

17. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

18. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

19. Based upon information and belief, the annual gross revenue of Defendants, both individually and collectively, was in excess of $500,000.00 per annum during the relevant time periods.

20. At all times material hereto, Defendants had more than two (2) employees.

21. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as cash registers, cleaning supplies, food and various other tools and materials necessary and integral to Defendants' business operations.

22. At all times material hereto, Plaintiff was engaged in the "production of goods

for commerce" and subject to the individual coverage of the FLSA.

23. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

24. In or about March 2017, Defendants hired Plaintiff to work as a non-exempt server.

25. From at least March 2017 and continuing through March 2020, Defendants failed to compensate Plaintiff at a rate of pay that equated with at least the legally-mandated minimum wage in one or more workweeks.

26. Defendants failure to compensate Plaintiff at the legally-mandated minimum wage stemmed from Defendants' requirement that Plaintiff perform "off-the-clock" work in most, if not all, work weeks.

27. Specifically, Defendants required Plaintiff to clock out for lunch breaks and continue to work.

28. Additionally, Defendants required Plaintiff to perform pre and post shift work "off-the-clock."

29. When Plaintiff complained to Defendants management regarding the aforementioned illegal pay practices, Plaintiff's work hours were significantly reduced each week.

30. Moreover, although Plaintiff was purportedly furloughed due to COVID-19, when Defendants resumed services to the public, Plaintiff was not placed back on the schedule.

31. Defendants' failure to place Plaintiff back on the schedule after furlough was in

retaliation of her complaints regarding her pay.

32. Plaintiff should be compensated at a rate of pay that equated with at least the legally-mandated minimum wage as required by the FLSA.

33. Respondents have violated Title 29 U.S.C. § 206 from at least March 2017 and continuing through March 2020, in that:

    a. Defendants failed to pay Plaintiff an amount equal to, or greater than, the applicable minimum wage in one or more workweeks; and

    b. Respondents failed to maintain proper time records as mandated by the FLSA.

## COUNT I
## MINIMUM WAGE (FLSA)

34. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

35. Defendants' practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

36. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all weeks worked at the required minimum wage rate are applicable to Defendants or Plaintiff.

37. Defendants failed to keep adequate records of Plaintiff's work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

38. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a) The time of day and day of week on which the employees' work week begins;

    b)      The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    c)      An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d)      The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e)      The hours worked each workday and total hours worked each workweek;

    f)      The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    g)      The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h)      The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i)      The dates, amounts, and nature of the items which make up the total additions and deductions;

    j)      The total wages paid each pay period; and

    k)      The date of payment and the pay period covered by payment.

29 .F.R. § 516.2, § 516.5.

    39.    Defendants have not complied with federal law, and have failed to maintain such records with respect to Plaintiff. Because Defendants' records are inaccurate, incomplete, and/or inadequate, Plaintiff can meet her burden under the FLSA by proving that she, in fact,

performed work for which she was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

## COUNT II
## RETALITATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

40. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

41. 29 U.S.C. § 215(a)(3) makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to . . . [the FLSA]." *See* 29 U.S.C. § 215(a)(3).

42. Plaintiff was terminated from her employment with Defendants for complaining about "off-the-clock" work, in violation of 29 U.S.C. § 215(a)(3).

43. Defendants are liable to Plaintiff for the payment of wages lost and an additional equal amount as liquidated damages as a result of Plaintiff's illegal termination.

44. Plaintiff is entitled to reasonable attorney's fees and costs associated with bringing this action.

## COUNT III
## VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

45. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

46. Plaintiff was entitled to be paid at least the Florida minimum wage for each hour/week worked during employment with Defendants.

47. Plaintiff was not paid the proper minimum wage for all hours that she worked each week, as required by Article X, Section 24 of the Florida Constitution.

48. In 2017, the Florida Minimum Wage was $8.10 per hour.

49. In 2018, the Florida Minimum Wage was $8.25 per hour.

50. In 2019, the Florida Minimum Wage was $8.46 per hour.

51. In 2020, the Florida Minimum Wage is currently $8.56 per hour.

52. Defendants willfully failed to pay Plaintiff minimum wages for all hours that she worked during one or more weeks during Plaintiff's employment contrary to Article X, Section 24 of the Florida Constitution.

53. Although such prerequisites are unconstitutional, Plaintiff has complied with all statutory prerequisites to bringing her claim pursuant to Article X, Section 24 of the Florida Constitution.

54. Specifically, on March 30, 2021, Plaintiff served Defendants with a Notice pursuant to Fla. Stats. § 448.110. A copy of Plaintiff's Notice Letter served on Defendants is attached hereto as **EXHIBIT A.**

55. More than 15 days have elapsed since Plaintiff's service of her Notice Letter on the Defendants, and the Defendants have failed to make payment to Plaintiff.

56. As a direct and proximate result of Defendants deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for all of the hours that she worked during one or more weeks of work for Defendants.

57. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

58. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

## COUNT IV
## RETALIATION IN VIOLATION OF FLA. STAT. § 448.110(5)

59. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

60. Fla. Stat. § 448.110(5) makes it unlawful "for an employer or any other party to discriminate in any manner or take adverse action against any person in retaliation for exercising rights protected pursuant to s. 24, Art. X of the [Florida] Constitution."

61. Rights protected include, but are not limited to, the right to file a complaint or inform any person of his or her potential rights pursuant to s. 24, Art. X of the Florida Constitution and to assist him or her in asserting such rights.

62. Plaintiff was terminated from her employment with Defendants for complaining about "off-the-clock" work, in violation of s. 24, Art. X of the Florida Constitution.

63. Defendants are liable to Plaintiff for the payment of wages lost and an additional equal amount as liquidated damages as a result of Plaintiff's illegal termination.

64. Plaintiff is entitled to reasonable attorney's fees and costs associated with bringing this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a. Awarding Plaintiff minimum wages in the amount due to her for all hours that she worked for all work weeks;

    b. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award;

    c. Awarding Plaintiff the payment of wages lost as a result of her illegal termination;

  d. Awarding Plaintiff the payment of liquidated damages equal to the amount of wages lost as a result of her illegal termination;

  e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b) and/or Fla. Stat. § 448.110(6)(c)(1);

  f. Awarding Plaintiff pre-judgment interest;

  g. Ordering any other further relief this honorable Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

DATED: October 5, 2021.    Respectfully submitted,

    */s/ Chanelle J. Ventura*
    CHANELLE J. VENTURA, ESQ.
    MORGAN & MORGAN, P.A.
    8151 Peters Road, Suite 4000
    Plantation, FL 33324
    T: (954) WORKERS;
    F: (954) 327-3013
    E-mail: cventura@forthepeople.com

    *Attorney for Plaintiff*